IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| FRANK ARREDONDO, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | Civil Action No. **2:18-cv-37** |
| v. | § § | |
| MONTE R. LEE & COMPANY | § § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Frank Arredondo, individually and on behalf of all others similarly situated files this Original Collective Action Complaint, and states:

### I.   SUMMARY

1.   This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*  Plaintiff worked for Defendant as a cable installer/inspector whose primary responsibility was the installation of broadband telecommunications and cable systems. Plaintiff routinely worked in excess of 40 hours per week but was not paid lawfully for doing so because Defendant misclassified installers as independent contractors and only paid them a straight hourly rate, failing to pay overtime for hours worked in excess of 40.  Plaintiff files this suit on behalf of himself and all other similarly-situated former and current installers/inspectors working for Defendant.  Defendant's actions in failing to pay its installers overtime in violation of the FLSA were "willful."

### II.   PARTIES

2. Plaintiff Frank Arredondo ("Plaintiff") is an individual and his Consent to proceed in this action is attached as "Exhibit A."

3. The Plaintiff and "Class Members" are Defendant's current and former installers/inspectors who were classified by Defendant as "independent contractors."

4. Defendant Monte R. Lee & Company can be served with process through its officers and directors at 100 N.W. 63rd Street Suite 100 Oklahoma City, OK 73116 or wherever its registered agent may be found.

### III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District and one or more of the parties resides in this District.

### IV.   COVERAGE

7. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

8. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person

and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendant is involved in the business of installation of broadband telecommunications and telephone systems. Defendant earns over $500,000.00 per year in gross sales.

13. Defendant controlled all aspects of Plaintiff's work. Specifically, Plaintiff was required to wear an assigned uniform and worked alongside other Monte R. Lee employees. In addition, Defendant assigned Plaintiff's jobs and his schedule. This schedule required that Plaintiff adhere to certain job timeframes established by Defendant. Plaintiff was required to adhere to the schedule Defendant assigned him, resulting in overtime hours worked.

14. Defendant also dictated the manner in which Plaintiff performed his job duties.

15. Defendant hired Plaintiff and established the unlawful pay scheme at issue in this suit. Defendant determined how much Plaintiff was to be paid for each piece or hour of work and did not provide Plaintiff with the opportunity to control his ability for profit or loss or overtime pay.

16. Plaintiff has worked as an installer for Defendant during the three years prior to the filing of this lawsuit and until approximately December 2016. In this capacity, he was improperly classified and treated by Defendant as an "independent contractor."

17. As an installer, Plaintiff's primary duty was the installation and inspection of broadband telecommunications and related systems.

18. Plaintiff was responsible for going to customers' homes and installing or inspecting internet, cable, and other telecommunications systems the customers had ordered.

19. Plaintiff routinely worked over 40 hours per week. In fact, he was often required to work in excess of 60 hours in a week covered by this lawsuit. However, he was not paid overtime for doing so. Defendant knew that Plaintiff worked in excess of 40 hours per week and they allowed and directed him to do so.

20. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week and lawful minimum wage. Defendant was aware of the FLSA's requirements and chose not to pay Plaintiff lawfully. Defendant willfully misclassified Plaintiff as an independent contractor and refused to pay him in accordance with the law.

## VI.    COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members were other installers who installed internet, cable and other telecommunications services to Defendant's clients. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were paid on a straight hourly basis and not paid overtime rates for their overtime worked. In addition, Plaintiff and Class Members were commonly misclassified as "independent contractors." Accordingly, the Class Members victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

22. Defendant's failure to pay Plaintiff and the Class Members at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week and lawful minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

23. Defendant knowingly, willfully, or with reckless disregard carried out the illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24. During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees. Defendant acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

      a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

      b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

      c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

      d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Forester*

**Forester Haynie PLLC**

**J. FORESTER**
Texas Bar No. 24087532
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint and service will be made along with the summons.

/s/ *J. Forester*